**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:22-cv-20988-KMM

FERNANDO PINEDA,

      Plaintiff,

v.

SOCIAL SECURITY,[1]

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Fernando Pineda ("Application") (ECF No. 3). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge, for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters (ECF No. 2). Having reviewed Plaintiff's Application and being otherwise duly advised in the premises, the undersigned recommends that Plaintiff's Application be denied, and the Complaint be dismissed, with leave to amend.

### I.      BACKGROUND

On April 1, 2022, *pro se* Plaintiff Fernando Pineda ("Mr. Pineda") filed what is captioned as a "Complaint for a Civil Case" ("Complaint") against the Social Security Administration

---

[1] The proper defendant in civil actions against the Social Security Administration is the "Commissioner of Social Security."

("SSA"), along with the instant Application.  (ECF Nos. 1-1, 1-3).  The Complaint names "Social Security" as the sole defendant in this action.  (*Id.* at 1–2).  Plaintiff does not refer to a final decision made by the Commissioner of the Social Security Administration, nor does he refer to *any* prior administrative decision made regarding a claim for relief.  *See* (ECF No.1).  Documents attached to the Complaint relate to Plaintiff's attempt to obtain his own medical records from the Bureau of Prisons; and include correspondence with a Hearings Customer Service Specialist with Social Security Administration in which he references his intention to rely on those medical records in some manner, which is acknowledged in the Specialist's email response.  The Complaint provides a one-paragraph Statement of Claim:[2]

> During my detention in 2002 at the Federal Prison Camp Elgin FL. and Talladega AL.  Both my doctors diagnosed me with Diabetic Neuropathy due to my Diabetes and giving a soft shoe pass for remainder of sentence.

(ECF No. 1-1 at 4).   The Complaint alleges no facts that would inform this Court as to whether there is a final decision over which this Court has jurisdiction, pursuant to 42 U.S.C. § 405(g).[3]

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(a), a court has "wide discretion" in determining whether to authorize a civil action without prepayment of fees.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citation omitted).  This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under Section 1915(e), "the court shall dismiss the case at any time if the court determines

---

[2] The Complaint is a form *pro se* Complaint, which prompts certain information, including the basis for jurisdiction (Section II), Statement of Claim (Section III), and Relief (Section IV).  Plaintiff has not completed out all of the sections and lists no basis for jurisdiction, and identifies no relief sought in this action.

[3] Plaintiff's proposed summons is also deficient for purposes of perfecting service of process on the Defendant.  The proposed summonses should be prepared and addressed to the following: (1) the Social Security Administration's Office of the General Counsel which handles the geographic area where the complaint is filed; (2) the United States Attorney (or designee) in the judicial district where the complaint is filed; and (3) the Attorney General of the United States.  Plaintiff should refer to the Social Security Administration's website for guidance and gather the necessary information as listed in the online Program Operations Manual System ("POMS").

that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although it is true that 28 U.S.C. § 1915(a) is intended to ensure indigent litigants have access to federal courts, this access is not unfettered. In appeals of the Commissioner of Social Security's decisions regarding applications for disability benefits, the federal courts have limited jurisdiction. *Pierre v. Comm'r of Soc. Sec.*, No. 11-62408-CIV, 2012 WL 1066811, at *3 (S.D. Fla. Mar. 16, 2012*), report and recommendation adopted*, No. 11-62408-CIV, 2012 WL 1060154 (S.D. Fla. Mar. 28, 2012). A district court may review an appeal of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party. . ." 42 U.S.C. § 405(g).

The Social Security Act allows for judicial review of "any final decision ... made after a hearing" by the Social Security Administration (SSA). *Smith v. Berryhill*, 139 S. Ct. 1765, 1771, (2019) (quoting 42 U.S.C. § 405(g)). A final decision under § 405(g) "most naturally suggests . . . an ALJ hearing on the merits." *Smith*, 139 S. Ct. at 1775. A plain reading of the statutory language indicates that judicial review only follows after a plaintiff has undertaken efforts to exhaust all avenues of administrative review.

The administrative review process includes: (1) the initial determination; (2) a request for reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 405.1(b). The claimant may then request judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *See* 20 C.F.R. § 422.210.

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an

opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Stillings v. Kijakazi*, No. 8:21-CV-1358-VMC-AAS, 2021 WL 6053921, at *2 (M.D. Fla. Dec. 6, 2021*), report and recommendation adopted*, No. 8:21-CV-1358-VMC-AAS, 2021 WL 6052281 (M.D. Fla. Dec. 21, 2021) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (internal quotation marks omitted).

Plaintiff's Complaint not only fails to allege that he was denied benefits upon review of a decision by the SSA Commissioner, but it also fails to allege that he was denied *any* disability benefits.  Plaintiff provides no meaningful information for the Court to discern what, if any, prior challenges were brought against the SSA and if he has even sought SSA benefits.  Plaintiff's "Statement of Claim" merely refers to a prior diagnosis leading to a prescription for a "soft shoe support" to alleviate the pain caused by neuropathy in his foot.  (ECF No. 1).  Aside from this information, the Complaint is devoid of any factual allegations from which the Court can infer that the Commissioner of the SSA issued a final decision.  *Pierre*, 2012 WL 1066811, at *3 (recommending dismissal of a complaint that failed to indicate whether a decision to deny plaintiff's benefits was final for lack of subject matter jurisdiction).  Accordingly*,* the undersigned recommends that the Complaint be dismissed, as there is no basis for the Court to find that it has subject matter jurisdiction over a present dispute.[4]

## III.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Application (ECF No. 3) be **DENIED** and that Plaintiff's Complaint (ECF No. 1) be **DISMISSED**,

---

[4] A plaintiff, such as Mr. Pineda, seeking assistance regarding benefits provided under the SSA may find assistance from the University of Miami's Health Rights Clinic, through which law students provide supervised legal services including preparation of pleadings and appearance in federal court.  The Health Rights Clinic is located at 1311 Miller Drive, Room F303, Coral Gables, Florida 33146.   Plaintiff may also call 305-284-3951.   *See* https://www.law.miami.edu/academics/clinics/health-rights-clinic (last visited May 20, 2022).

with leave to amend.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers on this 25th day of May, 2022.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. K. Michael Moore
Plaintiff Fernando Pineda
1560 NE 127th Street
Apt. 114
Miami, FL 33161